Abran E. Vigil
Nevada Bar No. 7548
Russell J. Burke
Nevada Bar No. 12710
Kyle A. Ewing
Nevada Bar No. 14051
BALLARD SPAHR LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106
Telephone: (702) 471-7000
Facsimile: (702) 471-7070
vigila@ballardspahr.com
burker@ballardspahr.com
ewingk@ballardspahr.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A., a national banking association, For Itself and As Successor By Merger To Chase Home Finance LLC,<br><br>Plaintiff,<br><br>v.<br><br>LAS VEGAS DEVELOPMENT GROUP, LLC, a Nevada limited liability company; HACIENDA NORTH HOMEOWNERS' ASSOCIATION, a Nevada non-profit corporation,<br><br>Defendants. | CASE NO. 2:15-cv-02159-RFB-GWF<br><br>**STIPULATION AND ORDER STAYING LITIGATION** |

Plaintiff JPMorgan Chase Bank, N.A., a National Banking Association, for itself and as Successor by Merger to Chase Home Finance LLC ("Chase"), Defendant Las Vegas Development Group, LLC ("LVDG"), and Defendant Hacienda North Homeowners' Association (the "HOA") (collectively, the "Parties") hereby stipulate and agree as follows:

DMWEST #14325601 v2

1. This is a quiet title action arising from a homeowners' association foreclosure sale (the "Sale") of residential property located at 5272 Fire Night Ave, Las Vegas, NV 89122 (the "Property").

2. Absolute Collection Services, LLC, as agent for the HOA, conducted the Sale pursuant to NRS Chapter 116.

3. Chase alleges it is the beneficiary of a deed of trust recorded against the Property. Chase contends that the deed of trust survived the Sale or, alternatively, that the Sale was void.

4. LVDG contends the Sale extinguished the deed of trust as a matter of law.

5. Chase argues, among other things, that the notice provisions of NRS Chapter 116 are facially unconstitutional under the Due Process Clause of the Fourteenth Amendment.

6. In *Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016), the Ninth Circuit Court of Appeals accepted this argument and held that Chapter 116's notice provisions facially violate due process by requiring purported junior lienholders to "opt in" for notice of a homeowners' association foreclosure sale.

7. In *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortg.,* 388 P.3d 970, 972 (Nev. 2017), the Nevada Supreme Court disagreed with *Bourne Valley* by holding that a foreclosure sale under Chapter 116 does not involve sufficient state action to implicate the Due Process Clause of the Fourteenth Amendment. *See id.* The non-prevailing party in *Bourne Valley* petitioned the United States Supreme Court for certiorari on or about April 5, 2017, the non-prevailing party in *Saticoy Bay* has indicated that it will also file for a writ of certiorari.

8. The Parties request a stay of litigation to allow the United States Supreme Court to address the certiorari petitions in *Bourne Valley* and *Saticoy Bay*.

1  9. Several judges in this district have stayed similar cases pending the exhaustion of all appeals before the United States Supreme Court. *E.g.*, *Nationstar Mtg. LLC v. Green Valley S. Owners Assoc.*, No. 2:16-cv-00883-GMN-GWF (D. Nev., Oct. 5, 2016); *Bank of America, N.A. v. Canyon Willow Trop Owners' Assoc.*, No. 2:16-cv-01327-GMN-VCF (D. Nev. Oct. 26, 2016); *Deutsche Bank Nat'l Trust Co. v. Copper Sands HOA*, No. 2:16-cv-00763-JAD-CWH (D. Nev. Feb. 28, 2017); *Ditech Financial Services, LLC v. Highland Ranch Homeowners Assoc.*, No. 3:16-cv-00194-MMD-WGC (D. Nev. Mar. 7, 2017); *Wells Fargo Bank, N.A. v. Las Vegas Dev. Group, LLC*, 2:16-cv-02621-RFB-NJK (D. Nev. Mar. 9, 2017).

10. To determine if a continued stay is appropriate, the Court considers (1) any potential damage or prejudice arising from the stay; (2) any potential hardship or inequity that befalls one party more than the other as a result of the stay; and (3) the orderly course of justice. *See Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (setting forth factors). Here, the factors support a stay of litigation.

    a. Damage or Prejudice from Stay: Any potential damage or prejudice arising from a temporary stay in this case would be minimal when balanced against the fees, costs, and time which will be incurred in litigation. The resolution of appeals in *Bourne Valley* and/or *Saticoy Bay* could resolve threshold issues pending in this matter and accordingly influence the litigation strategies of the parties. A stay would also ensure that the issues raised in this matter are resolved in a consistent and efficient manner. Moreover, a stay will conserve judicial resources and promote judicial efficiency by preventing potentially unnecessary litigation pending the outcome of the appeals.

    b. Hardship or Inequity: The Parties agree that any potential hardship or inequity falling on any of them is outweighed by the benefits of a stay, as all parties will benefit from waiting until the appeals are resolved.

BALLARD SPAHR LLP
100 NORTH CITY PARKWAY, SUITE 1750
LAS VEGAS, NEVADA 89106
(702) 471-7000 FAX (702) 471-7070

3

DMWEST #14325601 v2

  c. Orderly Course of Justice: At the center of this case is a homeowners' association's foreclosure sale under NRS 116. The outcome of any Supreme Court appellate proceedings in *Bourne Valley* and/or *Saticoy Bay* has the potential to resolve threshold issues pending in this matter. Without a stay, the parties will expend resources on litigation involving these cases that could be rendered unnecessary if either or both petitions are granted. A temporary stay would substantially promote the orderly course of justice in this case by preventing unnecessary expenditure of the parties' and the Court's resources pending final resolution of *Bourne Valley* and/or *Saticoy Bay*.

  11. The Parties agree that all proceedings in the instant case, including motion and other litigation deadlines, are stayed pending final resolution of the *Bourne Valley* and/or *Saticoy Bay* certiorari proceedings before the U.S. Supreme Court.

  12. The Parties agree to submit a status report to the Court every 90 days after the date of an order granting this joint motion.

  13. The Parties further agree that each report will inform the Court of the status of the certiorari petitions in *Bourne Valley* and *Saticoy Bay*.

  14. The Parties further agree that each report will inform the Court regarding whether the Parties wish to keep the stay of litigation in place or lift the stay.

  15. The Parties further agree that if the Court enters the order granting this stipulation, <u>all pending motions shall be denied without prejudice as moot</u>. The Parties may re-file any appropriate motions upon expiration of the stay.

//
//
//
//

4

16. The Parties further agree that any party to this case may independently move to lift the stay at any time.

Dated: April 12, 2017

| MADDOX, ISAACSON & CISNEROS, LLP | BALLARD SPAHR LLP |
|---|---|
| By: /s/ Barbara M. McDonald<br>Troy L. Isaacson, Esq.<br>Nevada Bar No. 6690<br>Barbara M. McDonald, Esq.<br>Nevada Bar 11651<br>11920 Southern Highlands Parkway, Suite 100<br>Las Vegas, Nevada 89141<br><br>*Attorneys for Defendant Hacienda North Homeowners' Association* | By: /s/Russell J. Burke<br>Abran E. Vigil, Esq.<br>Nevada Bar No. 7548<br>Russell J. Burke, Esq.<br>Nevada Bar No. 12710<br>Kyle A. Ewing<br>Nevada Bar No. 14051<br>100 North City Parkway, Suite 1750<br>Las Vegas, Nevada 89106<br><br>*Attorneys for Plaintiff JPMorgan Chase Bank, N.A.* |

ROGER P. CROTEAU & ASSOCIATES

By: /s/Timothy E. Rhoda
Roger P. Croteau Esq.
Nevada Bar No. 4958
Timothy E. Rhode, Esq.
Nevada Bar No. 7878
9120 West Post Road, Suite 100
Las Vegas, Nevada 89148

*Attorneys for Defendant Las Vegas Development Group*

**ORDER**

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

Dated: April 13, 2017

5

DMWEST #14325601 v2